UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RANDI HARRISON and CYNTHIA ALIMI<br>      Plaintiffs, | § § § | |
| vs. | § § | CIVIL ACTION NO. 1:23-cv-01129-DII |
| J.B. HUNT TRANSPORT, INC.,<br>AMAZON.COM SERVICES LLC, and<br>XTRA LEASE, LLC<br>      Defendants. | § § § § | |

## PLAINTIFFS' THIRD AMENDED COMPLAINT AND REQUIRED DISCLOSURES

TO THE HONORABLE JUDGE AND JURY OF THIS COURT:

COMES NOW Plaintiffs, Randi Harrison and Cynthia Alimi, complaining of Defendants, J.B. Hunt Transport, Inc, Amazon.com Services LLC, and XTRA Lease, LLC, and for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend this cause of action to be governed by Texas Rules of Civil Procedure, Rule 190.4, for purposes of conducting discovery.    Plaintiffs intend to enter into an Agreed Scheduling Order with Defendants.

### II.
### AMOUNT OF CLAIM

2.    Plaintiff seeks monetary relief over $1,000,000.00.

## III.
## PARTIES

3.   Plaintiffs Randi Harrison and Cynthia Alimi are individuals residing in Travis County, Texas.

4.   Defendant J.B. Hunt Transport, Inc. is authorized to do business in the State of Texas. Service may be obtained on said Defendant by serving its registered Agent for Service: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.   Defendant Amazon.com Services LLC is authorized to do business in the State of Texas. Service may be obtained on said Defendant by serving its registered Agent for Service: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

6.   Defendant XTRA Lease, LLC is authorized to do business in the State of Texas. Defendant XTRA Lease, LLC does not need to be served with this document.

## IV.
## JURISDICTION & VENUE

7.   Jurisdiction is proper in this court because the amount of damages is within the jurisdictional limits of this Court.

8.   Venue in this action is proper in Travis County, Texas, in accordance with Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to this claim occurred in Travis County, Texas.

## V.
## FACTS

9.   On January 24, 2022, Randi Harrison and Cynthia Alimi (hereinafter "Plaintiffs") were driving northbound on the lower level of Interstate 35 in the left lane near the Manor

Road/235B exit.  Ms. Harrison was driving her four door, grey 2018 VW Passat.  Ms. Alimi

was a passenger in the Harrison vehicle.  At the time of the incident made the basis of this

lawsuit, Amazon.com Services LLC (hereinafter "Amazon Services") contracted with J.B.

Hunt Transport, Inc. (hereinafter "J.B. Hunt") and XTRA Lease (hereinafter "XTRA") to

transport cargo.  At the time, Amazon Services was leasing a J.B. Hunt truck, license plate

436424Z, and was pulling an XTRA trailer, Trailer Number W84969.  Immediately prior

to the collision made the basis of this lawsuit, the J.B. Hunt truck was northbound next to

the Passat driven by Ms. Harrison.  The unknown driver of the J.B. Huint truck was

employed by Amazon Services and/or J.B. Hunt.  Unexpectedly, the J.B. Hunt truck veered

into the lane occupied by the Passat and struck the passenger side of the Passat.  At all

times relevant to this lawsuit, the vehicle in which the Plaintiffs were traveling was being

operated in a prudent and lawful manner.   The wreck made the basis of this lawsuit caused

Plaintiffs to suffer severe bodily injuries that have required significant medical treatment

to try and heal their injuries.

10.     Following the collision, the J.B. Hunt truck and the XTRA trailer did not stop to render aid

or exchange information.  Instead, the truck and trailer fled the scene of the collision.

**VI.**
**CAUSES OF ACTION**

11.     As a direct and proximate result of the conduct of Defendants Amazon Services, J.B. Hunt

and XTRA, Plaintiffs sustained severe bodily injuries and damages.   On the occasion of

the incident described hereinabove, and made the basis of this suit, the driver of the J.B.

Hunt truck was negligent and such negligence was a proximate cause of the occurrence

made the basis of this suit, and all of the damages and injuries alleged herein.   Pleading

more specifically, and in addition to the above, Plaintiffs would show that the unknown

driver of the J.B. Hunt truck and XTRA trailer committed various acts, wrongs and omissions, which constituted negligence on the part of him, and which were the proximate result of the injuries and damages sustained by Plaintiffs. At all times material hereto, the driver of the J.B. Hunt truck and the XTRA trailer were negligent in one or more of the following respects:

A.    In failing to keep a proper lookout as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

B.    In failing to yield the right-of-way to Plaintiffs as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

C.    In failing to stay in his lane of traffic as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

D.    If failing to insure that the lane next to him was free and clear prior to changing lanes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

E.    In failing to timely apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

F.    In changing lanes and striking the vehicle being driven by Ms. Harrison as would not have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

G.    In failing to pay proper attention to traffic conditions as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

H.    In failing to take proper evasive action to avoid the collision as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

I.    In failing to stop in time to avoid the collision as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

J.    In failing to operate and maintain control of the J.B. Hunt truck and

the XTRA trailer he  was operating as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

K.      In driving in a reckless manner; and

L.      In failing to stop and render aid as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

12.    Each and all of the foregoing acts or omissions of driver of the J.B. Hunt truck and the XTRA trailer, singularly, or in combination with others, constitutes negligence, which was a proximate cause of the occurrence made the basis of this suit, and all of the injuries and damages sustained by Randi Harrison and Cynthia Alimi.

**VII.**
**NEGLIGENCE OF DEFENDANTS AMAZON SERVICES, J.B. HUNT, AND XTRA**

13.    The conduct of Defendants Amazon Services, J.B. Hunt and XTRA constitutes negligence in many respects including, but not limited to, the following:

A.      In failing to hire, supervise and train competent employees as would have been done by an employer exercising ordinary care  and prudence under the same or similar circumstances;

B.      In failing to properly maintain and repair the J.B. Hunt truck, license plate 436424Z, and the XTRA trailer, Trailer Number W84969 as would have been done by an employer exercising ordinary care  and prudence under the same or similar circumstances;

C.      In failing to retain competent employees as would have been done by an employer exercising ordinary care and prudence under the same or similar circumstances;

D.      In failing to fire incompetent or dangerous employees as would have been done by an employer exercising ordinary care and prudence under the same or similar circumstances;

E.      In failing to retain records in compliance with State of Texas Commercial Vehicle Regulations.

5

14.    Each and all of the foregoing acts or omissions of Defendants Amazon Services, J.B. Hunt

and XTRA, singularly, or in combination with others, constitutes negligence which was a

proximate cause of the occurrence made the basis of this suit, and all of the injuries and

damages sustained by Randi Harrison and Cynthia Alimi.

## VIII.
## RESPONDENT SUPERIOR OF DEFENDANTS AMAZON SERVICES, J.B. HUNT AND XTRA

15.    Vicarious liability for Plaintiffs' injuries and damages attaches to Defendants Amazon

Services, J.B. Hunt and XTRA through respondent superior in the following respects:

A.    The unknown driver of the J.B. Hunt truck was an employee of
Defendants Amazon Services, J.B. Hunt and XTRA at the time of
the wreck made the basis of this lawsuit;

B.    The unknown driver of the J.B. Hunt truck was working in the
course and scope of his employment for with Defendants Amazon
Services, J.B. Hunt and XTRA at the time of the wreck made the
basis of this lawsuit;

C.    The unknown driver of the J.B. Hunt truck was acting in furtherance
of Defendants Amazon Services, J.B. Hunt's and XTRAs' business
at the time of the wreck made the basis of this lawsuit;

D.    The unknown driver of the J.B. Hunt truck was working for the
accomplishment of the object for which he had been hired and

E.    The unknown driver of the J.B. Hunt truck negligence is a proximate
cause of Plaintiffs' injuries and damages.

## IX.
## NEGLIGENT ENTRUSTMENT

16.    Plaintiffs would show and allege that Defendants Amazon Services, J.B. Hunt and XTRA

owed Plaintiffs a duty of ordinary care.  Defendants Amazon Services, J.B. Hunt and

XTRA violated the duty of care owed to Plaintiffs and Amazon Services, J.B. Hunt and

XTRA were negligent by negligently entrusting a vehicle to a reckless and/or incompetent

driver who they knew, or should have known, was reckless and/or incompetent that caused the wreck made the basis of this lawsuit.

17.    Each and all of the foregoing acts or omissions of Defendants Amazon Services, J.B. Hunt and XTRA, singularly, or in combination with others, constitutes negligence, which was a proximate cause of the occurrence made the basis of this suit, and all of the injuries and damages sustained by Randi Harrison and Cynthia Alimi.

## X.
## NEGLIGENCE OF DEFENDANT XTRA

18.    Defendant XTRA owned the trailer that was attached to the tractor- trailer owned by Defendant J.B. Hunt.  As stated above, the negligence and of Defendants Amazon Services, J.B. Hunt and XTRA, singularly, or in combination with others, constitutes negligence, which was a proximate cause of the occurrence made the basis of this suit, and all of the injuries and damages sustained by Randi Harrison and Cynthia Alimi.  XTRA is negligent in that the collision made the basis of this lawsuit arises out of the use of both the truck owned by J.B. Hunt and the attached trailer owned by Defendant XTRA.  The negligence of XTRA, singularly, or in combination with others, constitutes negligence, which was a proximate cause of the occurrence made the basis of this  suit, and all of the injuries and damages sustained by Randi Harrison and Cynthia Alimi.

## XI.
## NEGLIGENCE AND/OR INDEMNITY OF DEFENDANT AMAZON SERVIUCES

19.    At the time of the collision made the basis of this lawsuit, Amazon Services leased a truck from J.B. Hunt.  If the driver of the vehicle was an Amazon Services employee, Amazon Services is liable as described above.  In addition, the lease agreement between Amazon Services and J.B. Hunt provides that Amazon Services provides indemnification for the negligence acts and

omissions of J.B. Hunt's employees and drivers.

## XII.
## DAMAGES

20.    As a direct and proximate cause of Defendants' negligence, Plaintiffs have suffered injuries and damages. Plaintiffs request the Court and Jury to determine the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages, provided by law that Plaintiffs are entitled to have the jury in this case consider in determining the sum of money that will fairly and reasonably compensate Plaintiffs for their injuries, damages, and losses. Those elements of damages (both past and future) include:

A.    Physical pain and mental anguish, both in the past and the future;

B.    Physical Impairment, both in the past and the future;

C.    Reasonable and necessary medical care, both in the past and the future;

D.    Disfigurement, both in the past and the future; and

E.    Property damage for the damage to Harrison's Passat.

21.    Considering each of the elements of damages, Plaintiffs have incurred damages beyond the minimum jurisdictional amounts of this Court.

## XIII.
## RULE 193.7 NOTICE

22.    Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs give notice to Defendants that any and all documents and things produced by Defendants may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

## XIV.
## REQUIRED DISCLOSURES

23.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose,

within 30 days after the first answer is filed, the information or material described in Rule

194.2(1-12), of the *Texas Rules of Civil Procedure.*

## XV.
## JURY DEMAND

24.     Trial by jury is hereby demanded, and the appropriate fee is hereby tendered.

## XVI.
## PRAYER

25.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to

appear and answer herein and that upon trial of this case, Plaintiffs have judgment against

Defendants for their actual damages; costs of court; prejudgment and post-judgment

interest at the legal rates on the appropriate elements of damage for the time periods

permitted by law; and such other and further relief, at law or in equity, to which Plaintiffs

may be justly entitled.

Respectfully submitted,

Jackson & Aguirre, PLLC

By: _Anselmo Aguirre_
Anselmo Aguirre
Texas Bar No.: 24107686
Anselmo.Aguirre@cj-lawfirm.com
1812 Centre Creek Drive,
Ste. 275
Austin, TX 78754
Tel.: (512) 478-1699
Fax: (512) 821-2943

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the above and foregoing document has been served on the following counsel of record via email in compliance with the Federal Rules of Civil Procedure this 12th day of December, 2023:

Mr. John A. Guerra                                   Email: jguerra@brock.law
Ms. Caitlin E. Bratt                                       cbratt@brock.law
Brock, Guerra, Strandmo Dimaline Jones, P.C.
17339 Redland Road
San Antonio, Texas  787247-2304